

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable R. A. McElrath
County Auditor
Cooke County
Gainesville, Texas

Dear Mr. McElrath:

Opinion No. O-7422

Re: Whether or not the Commissioners Court of Cooke County has the authority to pass an order providing for the payment to a constable of the sum of $12.00 per month for expenses, where such constable is otherwise paid upon a fee system.

We beg to acknowledge receipt of your request for an opinion upon the above subject matter, your letter being as follows:

"On January 1st, 1936, Cooke County had a population in excess of 20,000 and thus automatically came within the provisions of the Officers Salary law. At the regular term of the Commissioners Court in January of that year an order was passed declaring the Officers Salary law to be in effect in Cooke County and fixing the salaries of all County Officials.

"Immediately following the above order was an order with reference to Precinct Officers which I am quoting herewith in full, said order being of record in Volume 12 page 66 Commissioners Court Minutes of Cooke County.

"PRECINCT OFFICERS VS COOKE COUNTY. On this the 14th day of January A. D. 1936, came on to be considered the question of whether precinct officers of Cooke County, Texas, shall be compensated on a salary basis as provided by law or whether they shall receive as their compensation such fees of office as may be earned by them in the performance of the duties of their offices, and after due consideration of said matter, it is ordered by the Court that the Precinct

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Officers in Justice Precinct No. One of Cooke County, Texas, be compensated on a salary basis for 1946, and precinct officers in all other precincts of Cooke County, Texas, will continue to be compensated on a fee basis.'

"Under these two orders, the Commissioners Court at its regular meeting in January each succeeding year, has fixed the salaries of all County Officials and of the Precinct Officers in Precinct No. One for the ensuing year.

"At a special meeting of the Commissioners Court, August 29, 1946, the following order was entered, said order being of record in Volume 13 Page 363 Commissioners Court Minutes:

"'CONSTABLE J. P. PRECINCT NO. SEVEN VS. COOKE COUNTY. On this day came the application in Re: Expenses of J. P. Precinct No. Seven, and after due consideration by the Court the motion was made and seconded that V. V. Budd, Constable Precinct No. Seven be allowed $12.00 per month for expenses until further orders of this Court. The motion carried.'

"Your opinion is requested as to the validity of this last order providing for the payment of the expenses of the Constable in Precinct No. Seven.

"(1) Did the Commissioners Court have a right to pass legal this order?

"(2) If your answer is in the affirmative, from what fund should payment be made?"

In our Opinion No. O-5228 this department answered the following questions:

"1. Does the Commissioners' Court have authority to allow a constable a stipulated amount per month for expenses of his office?

"2. In case the precinct official in question files monthly reports with the Commissioners' Court, showing in' same a detailed report of expenses incurred by him in the discharge of the duties of his office, does the Commissioners' Court have the author-

ity to allow from the general fund of the county the amount shown in the report?

"3. In case the precinct official is serving on a fee basis in a county where all county officials have been placed on a salary basis, would this modify or change the answer to either of the above questions?"

We answered the questions as follows:

"In answer to your first question, you are especially advised that the Commissioners Court of Upshur County, under the facts stated, has no legal authority to allow a constable a stipulated amount for expenses incurred in the conduct of his office.

"Answering your second question, you are advised that the Commissioners Court has no legal authority to allow a constable who is compensated on a fee basis any money whatsoever for expenses incurred by him in the conduct of his office from the General Fund or any other fund of the county, that such expenses must be paid out of the fees earned by such officer.

"We now consider your third question. The fact that the county officials of said county are compensated on an annual salary basis would not modify or change the answers to the above first and second questions in your inquiry."

To adhere to the construction stated in the foregoing opinion, and applying the same to your questions, you are advised:

The Commissioners Court of Cooke County had no authority to pass the resolution of August 29, 1946, allowing the Constable of Precinct No. 7 $12.00 per month for expenses.

In view of the above answer, it is not necessary to answer your second question.

APPROVED OCT 8 1946

Groom Sellers

ATTORNEY GENERAL OF TEXAS

08-MR

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ocie Speer

Ocie Speer
ASSISTANT

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN